UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MANUEL PEREZ DE CORCHO MEDINA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-04956-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 9

This habeas action concerns the detention of Manuel Perez de Corcho Medina, a noncitizen who was released from immigration detention by the Department of Homeland Security ("DHS") in September 2024, but was re-detained in October 2025. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus in part, and orders that Petitioner be provided a substantive bond hearing before an immigration judge.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a native of Cuba who was granted lawful permanent resident status on March 1, 2016, through the Cuban Adjustment Act. ECF No. 1 ¶¶ 2, 31. He later left the United States and attempted to re-enter the country near the Rio Grande Valley, Texas border on or around April 9, 2024. ECF No. 8-1 at 3, 20. After being arrested by border patrol, he was served with a Notice to Appear placing him in removal proceedings, and was released on his own recognizance. *Id.* at 3, 6. Following his release, Petitioner failed to appear at his immigration hearing and was ordered removed in absentia by an immigration judge on October 28, 2024. *Id.* at 23.

Sometime in 2024, Petitioner was arrested in Florida on four counts of sexual battery of a minor. *Id.* at 10–11. And on July 7, 2025, he pled guilty to four counts of felony battery. *Id.* at

United States District Court
Eastern District of California

16. ICE encountered Petitioner at the Delray Beach Probation and Parole Office on October 1, 2025, where he was reporting with respect to his July convictions, and detained him in light of his in absentia removal order. *See id*. at 19–20.

Following his arrest, Petitioner moved to reopen his immigration proceedings, arguing that he had not received proper notice of his immigration court hearing. *See id*. at 26. That motion was granted on December 16, 2025, and he was placed back into removal proceedings. *Id*. However, following the reopening, DHS moved for reconsideration of the immigration judge's order granting Petitioner's Motion to Reopen. *Id*. at 11. The motion for reconsideration was granted on August 6, 2026, with the immigration judge finding that Petitioner's removal proceedings should not have been reopened, and reinstating Petitioner's in absentia removal order. *Id*. at 9-1 at 2. Petitioner appealed that decision to the BIA on September 2, 2026. *See* ECF No. 10 at 12. The appeal form filed by Petitioner states that he is "filing an appeal from the Immigration Judge's decision in merits proceedings (example: removal, deportation, exclusion, asylum, etc.) dates August 6, 2026[.]" *Id*. at 10. The August 6, 2026 Order, however, does not appear to be a merits decision, but rather an order to reconsider a motion to reopen. *See id*. (the appeal form also includes checkbox for "filing an appeal from an Immigration Judge's decision in bond proceedings").

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that his detention without the opportunity for release on bond, or any individualized assessment that his continued detention is necessary violates his due process rights. *See* ECF No. 1 at 8–10. In response, the Government has provided multiple justifications for Petitioner's continued detention without a bond hearing. They argue that Petitioner's initial arrest and detention was authorized by 8 U.S.C. § 1231(a)(2) as he had a final order of removal in place at the time of his arrest. ECF No. 8 at 2. Once his removal proceedings were reopened in December 2025, they contend that Petitioner's detention continued to be mandatory under 8 U.S.C. § 1225(b). *Id*. at 2–3. Though Respondents note that Petitioner's in absentia removal order has since been reinstated, they did not argue that this reinstated order caused detention authority to shift away from § 1225(b). *See* ECF No. 9 at 1–2. Accordingly, the Court presumes that Respondents argument still stands—i.e., that Petitioner's detention is mandatory under § 1225(b).

### A. Applicability of 8 U.S.C. § 1225(b)

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b) as Respondents contend. This Court—as well as the majority throughout the Ninth Circuit—have already concluded that § 1225(b) does not apply to non-citizens like Petitioner who were previously released by the Government on their own recognizance. *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). The Court finds no reason to depart from these prior decisions here. As such, Respondents may not detain Petitioner without the opportunity for release under § 1225(b).

### B. Due Process

As the Government makes no further argument regarding the statutory basis for Petitioner's detention, the Court next turns to Petitioner's due process claim. Petitioner's

constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**1. Liberty Interest**

The Court finds that Petitioner obtained a liberty interest in his continued freedom following his release from custody nearly two years ago. "[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond."). As such, the Government's election to release petitioner "provided [him] with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, 791 F.Supp.3d 1021, 1029 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, 2025 WL 1771438, at *3 (collecting cases finding that noncitizens who have been released have a strong liberty interest).

**2. *Mathews* Factors**

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official

action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he had lived at liberty for approximately two years following his release on his own recognizance. During those years was able to develop ties in the community. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

The second factor, however, weighs in the Government's favor. Though there is a risk of erroneous deprivation because Petitioner has not been afforded a hearing, at the time of his arrest he was subject to an order of removal, thus authorizing the Government for, at least a period, to detain Petitioner to execute that removal. Further, Petitioner was re-detained shortly after convictions for battery. Courts in this district have found that, under circumstances where an individual has been recently arrested or convicted for a serious offense, "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] would have been impracticable and/or would have motivated his flight." *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (collecting cases ordering bond hearings, rather than release, under similar circumstances). Thus, the Court concludes that a prompt bond hearing is required here.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d at 970; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094. Providing Petitioner with a post-deprivation hearing here would impose a minimal burden on the Government relative to the due process concerns.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED in part. IT IS HEREBY ORDERED that:

1. Petitioner SHALL be provided a *substantive* bond hearing within fourteen (14) days, or a later date upon Petitioner's request, at which time an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.

2. At any such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner SHALL be allowed to have counsel present.

3. As this Order resolves the petition, the Court's Order at ECF No. 6 is vacated and Respondents' Motion to Dissolve the Court's No Transfer Order (ECF No. 9) is resolved as moot.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Noël Wise
United States District Judge